# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | CRIM. ACTION NO. 3:19-CR-0036-S |
| § | |
| GLENN EVAN GORDON (7) § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Glenn Evan Gordon's ("Gordon") Motion for Home Confinement [ECF No. 214]. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

Defendant was convicted of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). On January 30, 2020, the Court sentenced Gordon to 29 months' imprisonment, to be followed by three years of supervised release. Gordon is 38 years old and is incarcerated at F.M.C. Fort Worth. He moves for the Court to order that he be allowed to "finish the remainder of [his] sentence in home confinement, while adhering to the rules and stipulations of the U.S.P.O., B.O.P., and R.R.C. placement." Mot. for Home Confinement 2.

### II. ANALYSIS

Gordon does not cite any grounds on which the Court can grant his Motion. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 "expanded the [Bureau of Prison's ("BOP's")] authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement." *United States v. Depron*, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020). But the CARES Act does not authorize the Court to order that an inmate be transferred to home confinement. *See id.* (noting that even under § 3642(c)(2), as amended by the CARES Act, "home confinement determinations rest with the BOP"); *United*

*States v. Rakestraw*, 2020 WL 2119838, at *2 (N.D. Tex. Apr. 14, 2020) (Rutherford, J.) ("To the extent [the defendant] requests an order that he be transferred to home confinement, the motion is without merit. The First Step Act does not provide the court authority to modify a Defendant's place of incarceration." (collecting cases)), *rec. adopted*, 2020 WL 2114844 (N.D. Tex. May 1, 2020) (Lynn, C.J.). Because the Court lacks the authority to provide the relief requested by Gordon, the Court denies the Motion.

### III. CONCLUSION

For the foregoing reasons the Court **DENIES** Gordon's Motion for Home Confinement.

**SO ORDERED.**

SIGNED May 29, 2020.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**